Irving Younger, J.
This case adds another few words to the developing law of settlements in New York.
Plaintiff sued for $2,600, representing the proceeds of certain notes. On the day set for trial, the attorneys stated that they had reached agreement on a compromise and forthwith dictated *16 to the stenographer the following stipulation: “ It is hereby stipulated and agreed that the above entitled matter be settled and discontiued without costs for the sum of $1,600 payable as follows: $750 on or before April 2, 1971; $425 on or before May 1,1971; $425 on or before June 1,1971
The first two payments were made uneventfully. When he forwarded the last, however, defendant’s attorney asked plaintiff’s attorney for a general release. On the ground that the stipulation as dictated contained no such requirement — which it did not — plaintiff’s attorney refused to comply with defendant’s request.
The earlier correspondence between them seems to suggest that defendant’s counsel did intend to make the exchange of releases a term of the stipulation, that he failed to do so through momentary forgetfulness, that plaintiff’s attorney was aware of the oversight, and that, to some extent at least, plaintiff has taken advantage of defendant’s mistake. Accordingly, defendant moved for an order either reforming the stipulation to include a provision for the exchange of releases, or, alternatively, vacating the stipulation and directing plaintiff to return the $1,175 already paid it.
It is that motion which is now before me. I am constrained to deny it.
The minutes show that, among other things, the attorneys stipulated to discontinue the action. The original lawsuit was thereby terminated. It no longer exists, in a manner of speaking, having been transformed into a contract of settlement.
Defendant first seeks reformation of that contract to reflect what it urges was the mistakenly unexpressed intention of the parties with respect to the exchange of releases. But since no lawsuit is pending, there is no framework within which I can act. A settlement may not be enforced by motion made in the action discontinued by the settlement; it may be enforced only by plenary action. (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435, 444-46; Matter of Creamer, 37 A D 2d 33.) Even if this were not so, what defendant wants is reformation of the settlement contract, and the Civil Court lacks the power to grant decrees of reformation. (CCA, art. 2.)
Defense alternatively seeks rescission of the contract and restitution of the sums already paid. While the Court of Appeals has said that a court may, in certain extraordinary instances, vacate a stipulation of settlement (Yonkers Fur Dressing Co. v. Royal Ins. Co., supra, p. 445) this is not a case of that kind. Moreover, defendant wants restitution as well as rescission. *17 That too is a power not possessed by the Civil Court. (CCA, art 2.)
For these reasons, defendant’s motion is denied. It goes without saying that defendant remains free to bring whatever separate action it thinks appropriate to reform or rescind the contract of settlement. I hold only that such remedies are beyond this court’s power to grant.